ZINZOW CONSTRUCTION COMPANY, Respondent, vs. GIOVANNONI and others, Appellants.*

*January 7—February 3, 1953.*

* Motion for rehearing denied, with $25 costs, on March 31, 1953.

For the appellants there was a brief by *Sturges P. Taggart* and *John G. McCollow,* both of Lake Geneva, and oral argument by *Mr. McCollow.*

For the respondent there was a brief by *Thorson & Lehman* of Elkhorn, and oral argument by *Robert F. Lehman.*

FRITZ, C. J.    The plaintiff Zinzow Construction Company is a building contractor, and Kenneth Zinzow is president of the corporation. The defendant, August Giovannoni, is a plastering contractor. In June, 1950, Giovannoni consulted Kenneth Zinzow to look at the basement floor in defendant's residence, which was all broken up from hydrostatic pressure of water coming in from under the floor; and to see what could be done to stop the water. There was evidence which the court could and did consider credible to the following effect: That Zinzow told Giovannoni he did not know what to do to stop the water, and that he would have to consult an engineer. After he consulted the engineer, Zinzow explained to Giovannoni what would have to be done; that a notch two inches deep and three inches high would have to be cut completely around the bottom of the basement wall above the present floor to form a key for a new slab, and reinforce it with rods; pour a slab over the rods and lay a waterproof membrane over the first slab and then pour another slab over the membrane. An agreement was then reached that plaintiff was to put in the slabs, key, membrane, and rods, on a cost-plus basis. On a previous occasion, Zinzow had explained to Giovannoni that the plaintiff's usual cost-plus basis was as follows, to wit: Cost of materials, plus 10 per cent, cost of labor, plus 20 per cent, and certain items of overhead, such as social security tax, compensation, and liability insurance, and Wisconsin and federal unemployment tax; and Giovannoni knew, or at least should have known, that the foregoing was plaintiff's usual cost-plus basis of charges. Giovannoni thereupon engaged the plaintiff to per-

form said labor and furnish the materials for the job on that basis.

Plaintiff started the construction work on June 28, 1950. Two or three weeks thereafter, Giovannoni had a conversation with Zinzow and for the first time the talk of guaranty came up, and Giovannoni told Zinzow he would not pay him if the basement leaked. On August 13, 1950, plaintiff completed the work, which he had explained to Giovannoni would have to be done, and as Zinzow had heard nothing from Giovannoni, he figured that the job was done.

Although Zinzow had seen him on several occasions after the job was completed, Giovannoni never mentioned that the basement leaked; and the first time that Zinzow knew of any leak in the basement was sixteen and one-half months after the job was completed.

The evidence on the trial duly warranted the court's findings to the following effect: That about June 27, 1950, the defendants consulted the plaintiff with reference to the construction of said basement floor, and Kenneth Zinzow informed defendants that he would undertake said construction on his usual "cost-plus" basis; that plaintiff performed the work and furnished materials in accordance with said agreement in a good and sufficient manner, and in compliance therewith; and that $1,350.50 became due and owing to plaintiff upon its completion of the contract. Plaintiff finally agreed to allow $475 as an offset for building materials owned by Giovannoni, and that sum was deducted from the said $1,350.50.

Defendants claimed also that some considerable time after plaintiff had commenced the work, they informed him that they would not pay for the work if the floor leaked; and that Zinzow then guaranteed he would stop the water from coming into the basement. However, Zinzow testified that he then again told Giovannoni that he would not guarantee

he could stop the water from coming into the basement. In relation to the conflicting testimony of the witnesses in that respect, it was within the province of the trial court to determine—as the court did—that the plaintiff had not guaranteed that he would stop the water from coming into the basement. Moreover, the court rightly concluded that even if such an agreement had been made, it was subsequent to the original contract, and therefore did not constitute a part thereof. As stated in 4 Williston, Contracts (rev. ed.), p. 2697, sec. 974: "Statements subsequent to the bargain cannot amount to a warranty unless there is a new consideration." Furthermore, as defendants failed to prove that the floor leaked in any degree sufficient to constitute a breach of the contract, had it been established to constitute a material part thereof, that contention is likewise without merit.

*By the Court.*—Judgment affirmed.

GEHL, J., took no part.